## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------

In re:

Woodbridge Group of Companies, LLC, *et al.*,[1]

                        Debtor.

-------------------------------------------------------------

Michael Goldberg, in his capacity as Liquidating
Trustee of the Woodbridge Liquidation Trust,
                      Plaintiff,

v.

Andrew R. Vara, in his official capacity as the
United States Trustee for Region 3; Ramona D. El-
liott, in her official capacity as Acting Director of
the United States Trustee Program; and the United
States Trustee Program,

                    Defendants.

-------------------------------------------------------------

) <br>
) <br>
) <br>
) Chapter 11 <br>
) Case No. 17-12560  (JKS) <br>
) (Jointly Administered) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
) Adv. Pro. 22-50516  (JKS) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
) <br>
)

## DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND RECOVERY OF OVERPAYMENTS

*(cover continued on next page)*

---

[1] On February 25, 2019, the Court entered an order closing the Bankruptcy Cases of all Debtors except Woodbridge Group of Companies, LLC and Woodbridge Mortgage Investment Fund 1, LLC (together, the "Remaining Debtors"). The Remaining Debtors' Bankruptcy Cases are being jointly administered under Case No. 17-12560 (KJC). The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
WENDY COX
Trial Attorney
Department of Justice
Executive Office for
United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax: (202) 307-2397

ANDREW R. VARA,
United States Trustee, Region 3
JOSEPH J. MCMAHON, JR.
Assistant United States Trustee
TIMOTHY J. FOX, JR.
Trial Attorney
Department of Justice
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
Fax: (302) 573-6497

The defendants, Andrew R. Vara, United States Trustee for Region Three ("United States

Trustee"), the United States Trustee Program, and Tara Twomey, Director of the Executive Office

for United States Trustees[2] (collectively "Defendants") respectfully state their Answer to Com-

plaint for Declaratory Judgment and Recovery of Overpayments ("Complaint") (Docket # 1). This

Answer responds specifically to each paragraph of the Complaint, using the same headings[3] and

numbering used in the Complaint. To the extent an allegation is not specifically admitted, it is

denied.

---

[2] Tara Twomey, in her capacity as Director of the Executive Office for United States Trustees, is automatically substituted for defendant Ramona D. Elliott, in her official capacity as Acting Director of the United States Trustee Program, pursuant to Federal Rule of Bankruptcy Procedure 7025, which incorporates Federal Rule of Civil Procedure 25(d), which provides for automatic substitution when a governmental official ceases to hold office. At the time the complaint was filed in this proceeding, Ms. Elliott was the Acting Director of the Executive Office for United States Trustees. She ceased to serve in that position after Tara Twomey was appointed by the United States Attorney General as the Director of the Executive Office for United States Trustees, effective February 27, 2023.

[3] Defendants deny all allegations contained in such headings to the extent that any response to such headings is required, except as specifically admitted herein.

The first unenumerated paragraph of the Complaint constitutes the Liquidating Trustee's ("Plaintiff") characterization of this action and the relief sought, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny that the Plaintiff is entitled to any of the relief requested in this section, or to any relief whatsoever.

## NATURE OF THE ACTION

1.      Paragraph 1 contains a characterization of the claims asserted by Plaintiff and the relief requested, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.[4]

## THE PARTIES

2.      With regard to Paragraph 2, Defendants admit that Michael Goldberg has been acting as the Liquidating Trustee in connection with the above-captioned chapter 11 bankruptcy case(s). To the extent that Paragraph 2 alleges that Mr. Goldberg was properly appointed under the Liquidating Trust Agreement and/or the Plan, such allegation presents legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.[5] To the extent further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 2.

3.      Paragraph 3 contains Plaintiff's characterization of the Liquidating Trust Agreement, which speaks for itself. Defendants respectfully refer the Court to that document for a

---

[4] Footnote 3 contains speculation by Plaintiff and explains a convention adopted by Plaintiff in the Complaint, and thus no response is required. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations in footnote 3.

[5] All capitalized terms not defined herein shall have the same definition as in the Complaint.

complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 3.

4.      With regard to Paragraph 4, Defendants admit that the Executive Office for United States Trustees, together with the United States Trustees and their staffs, are often referred to, including internally, as the "United States Trustee Program," but deny that there is a separate legal entity denominated "the United States Trustee Program" under 28 U.S.C. § 586 and 11 U.S.C. §§ 101-1532. Rather, 28 U.S.C. § 581 requires the Attorney General to appoint a United States Trustee for each of 21 statutorily specified regions. Defendants admit that United States Trustees supervise the administration of bankruptcy cases and private trustees, among other things, under 28 U.S.C. § 586.[6] Defendants further admit that United States Trustees collect fees pursuant to 28 U.S.C. § 1930, which fees are deposited into the United States Trustee System Fund. Defendants deny the remainder of the allegations of Paragraph 4.

5.      With regard to Paragraph 5, Defendants deny that Ramona D. Elliott is the Director of the Program. Although at the time the complaint was filed in this proceeding, Ms. Elliott was the Acting Director of the Executive Office for United States Trustees, Defendants aver that effective February 27, 2023, Tara Twomey was appointed by the United States Attorney General as the Director of the Executive Office for United States Trustees. Defendants deny the remainder of the allegations of Paragraph 5.

6.      With regard to Paragraph 6, Defendants admit that Andrew R. Vara is the United States Trustee for Region 3. Defendants deny the remainder of the allegations of Paragraph 6.

---

[6] The Defendants repeat and reallege this response for each of the references in the Complaint to the "Program", "United States Trustee Program" or "UST Program."

## JURISDICTION AND VENUE

7.      The allegations of Paragraph 7 set forth jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 7.

8.      The allegations of Paragraph 8 present legal conclusions and questions of law to be determined solely by the Court. Paragraph 8 of the Complaint further contains Plaintiff's consent to entry of a final judgment by this Court and thus no response is required. Defendants submit that subject to, and reserving all rights under, 28 U.S.C. § 2414 and Fed. R. Civ. P. 62(e), as asserted in the second affirmative defense, Defendants consent to entry of final orders or judgments by this Court under Fed. R. Bankr. P. 7012(b). To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 8.

9.      The allegations of Paragraph 9 present legal conclusions and questions of law to be determined solely by the Court. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 9.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.     Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     Defendants admit that the bankruptcy court found that the Chapter 11 Cases arose out of a Ponzi scheme. Confirmation Order at D.I. 2903 at ¶ NN. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of Paragraph 11, and therefore deny them.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore deny them.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore deny them.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore deny them.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore deny them.

16.     Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 contains Plaintiff's characterization of the Plan and Liquidation Trust Agreement, which speak for themselves. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 contains Plaintiff's characterization of the Plan and Liquidation Trust Agreement, which speak for themselves. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 19.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and therefore deny them.

21.     With regard to Paragraph 21, Defendants admit that Debtors and/or the Liquidating Trustee made quarterly fee payments in the Chapter 11 Cases. Footnote 4 contains Plaintiff's characterization of the Plan, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. In all other respects, except as specifically admitted herein, Paragraph 21 and footnote 4 are denied.

22.     With regard to Paragraph 22, Defendants admit that in 2017, Congress amended 28 U.S.C. §1930. The remainder of Paragraph 22 contains Plaintiff's characterization of the 2017 Amendment to 28 U.S.C. §1930 (the "2017 Amendment"), which speaks for itself. Defendants respectfully refer the Court to the 2017 Amendment for a complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 22.

23.     Paragraph 23 contains Plaintiff's characterization of the 2017 Amendment, which speaks for itself. Defendants respectfully refer the Court to the 2017 Amendment for a complete and accurate statement of its contents. Paragraph 23 otherwise contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 23.

24.     Paragraph 24 contains Plaintiff's characterization of the 2017 Amendment, which speaks for itself. Defendants respectfully refer the Court to the 2017 Amendment for a complete and accurate statement of its contents. To the extent Paragraph 24 alleges actual payments by specific debtors that the Complaint does not identify, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 24.

25.     Paragraph 25 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 25.

26.     Paragraph 26 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent Paragraph 26 alleges actual payments by specific debtors that the

Complaint does not identify, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 26.

27.    With regard to Paragraph 27, Defendants admit that there were fees that were paid that were calculated in accordance with the fee schedule provided by the 2017 Amendment to 28 U.S.C. § 1930. Defendants aver that they have at all times complied with 28 U.S.C. § 1930 and have sent statements estimating quarterly fees due based on the fee schedules mandated by Congress. In all other respects, Paragraph 27 is denied.

28.    With regard to Paragraph 28, Defendants admit that there were fees that were paid that were calculated in accordance with the 2017 Amendment to 28 U.S.C. § 1930. In all other respects, Paragraph 28 is denied.

29.    Paragraph 29 contains Plaintiff's characterization of the Supreme Court's holding in *Siegel v. Fitzgerald*, which speaks for itself. Defendants respectfully refer the Court to the opinion for a complete and accurate statement of its contents. Defendants admit that the Supreme Court found the 2017 Amendment to be unconstitutional in *Siegel v. Fitzgerald*, and it remanded the case to the Fourth Circuit to determine the appropriate remedy. Defendants also admit that the Supreme Court granted petitions for certiorari in *Harrington v. Clinton Nurseries, Inc.* and *Office of the United States Trustee v. John Q. Hammons Fall 2006, LLC*, vacated those decisions, and remanded the cases for further consideration in light of *Siegel*. To the extent a further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 29.

30.    Paragraph 30 contains Plaintiff's characterization of the holdings in *Clinton Nurseries* and *John Q Hammons*, which speak for themselves. Defendants respectfully refer the Court to those opinions for a complete and accurate statement of their contents. Defendants deny

that the appropriate remedy for the constitutional violation found by the Supreme Court in *Siegel v. Fitzgerald*, entitles any party—Plaintiff included—to a monetary judgment. To the extent a further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 30.

31.     Paragraph 31 contains Plaintiff's characterization of the bankruptcy court's holdings in *Siegel v. United States Trustee Program (In re Circuit City Stores, Inc.)* Adv. Pro. No. 19-03091-KRH (Bankr. E.D. Va. Dec. 15, 2022) (Docket No. 64), which speaks for itself. Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. Defendants deny that the appropriate remedy for the constitutional violation found by the Supreme Court in *Siegel v. Fitzgerald*, entitles any party—Plaintiff included—to a monetary judgment. To the extent a further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 31.

32.     Paragraph 32 contains conclusions of law, not allegations of fact, and thus no response is required. Paragraph 32 further contains Plaintiff's characterizations of the Consolidated Appropriations Act, 2019, which speaks for itself. Defendants respectfully refer the Court to the Act for a complete and accurate statement of its contents. Defendants aver that the Act does not create any substantive rights entitling any party to a monetary remedy. Paragraph 32 further contains Plaintiff's characterizations of the UST Manual, which speaks for itself. Defendants respectfully refer the Court to the UST Manual for a complete and accurate statement of its contents. Defendants aver that the UST Manual does not, and may not be relied upon to, create any substantive rights entitling any party to a monetary remedy. The Defendants admit that the United States will fully satisfy any final and unappealable judgment from the appropriate source

of payment. To the extent a further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 32.

33.     With regard to Paragraph 33, Defendants admit that there were fees that were paid that were calculated in accordance with the 2017 Amendment to 28 U.S.C. § 1930 and that the Amendment was subsequently held to be unconstitutional by the Supreme Court. In all other respects, Paragraph 33 is denied.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34, and therefore deny them.

## FIRST CLAIM FOR RELIEF

35.     The Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

36.     With regard to Paragraph 36, Defendants admit that there were fees that were paid that were calculated in accordance with the 2017 Amendment to 28 U.S.C. § 1930 and that the Amendment was subsequently held to be unconstitutional by the Supreme Court. In all other respects, Paragraph 36 is denied.

37.     Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations in Paragraph 37.

38.     Paragraph 38 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 38.

39.     Paragraph 39 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 39.

40.     Paragraph 40 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 40.

41.     Paragraph 41 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants deny that the appropriate remedy for the constitutional violation found by the Supreme Court in *Siegel v. Fitzgerald*, entitles any party—Plaintiff included—to a monetary judgment. To the extent a further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 41.

42.     Paragraph 42 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants deny that the appropriate remedy for the constitutional violation found by the Supreme Court in *Siegel v. Fitzgerald*, entitles any party—Plaintiff included—to a monetary judgment. To the extent a further response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

### SECOND CLAIM FOR RELIEF

44.     The Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

45.     With regard to Paragraph 45, Defendants admit that the 2017 Amendment to 28 U.S.C. § 1930 has been held unconstitutional by the Supreme Court. Defendants deny the remainder of the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations of Paragraph 46.

**THIRD CLAIM FOR RELIEF**

47.     The Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

48.     Paragraph 48 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 48.

49.     Paragraph 49 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the referenced statute for a complete and accurate statement of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 49.

50.     Paragraph 50 contains conclusions of law, not allegations of fact, and thus no response is required. Defendants respectfully refer the Court to the referenced statutes for a complete and accurate statement of their contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 50.

51.     Paragraph 51 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 51.

52.     Paragraph 52 contains Plaintiff's characterization of the Plan, which speaks for it-self. Defendants respectfully refer the Court to that document for a complete and accurate state-ment of its contents. To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

## **FOURTH CLAIM FOR RELIEF**

55.     The Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

56.     With regard to Paragraph 56, Defendants admit that the 2017 Amendment has been held unconstitutional by the Supreme Court. Defendants deny the remainder of the allega-tions in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations of Paragraph 57.

58.     Paragraph 58 contains conclusions of law and statements describing Plaintiff's re-quested relief, and thus no response is required. Defendants deny that Plaintiff is entitled to the relief it seeks, and otherwise denies the allegations of Paragraph 58.

## **PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no re-sponse is required. To the extent that a response is deemed necessary, Defendants deny that Plain-tiff is entitled to any of the relief requested in this section, or to any relief whatsoever. To the extent monetary relief is awarded, the United States will fully satisfy any final and unappealable judgment from the appropriate source of payment.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

In particular, and without waiver of any other arguments, although the Supreme Court held that "Congress' enactment of a significant fee increase that exempted debtors in two States violated the uniformity requirement" of the Bankruptcy Clause, *Siegel v. Fitzgerald*, 142 S.Ct. 1770, 1775 (2022), it expressly declined to address the appropriate remedy for that lack of uniformity. Instead, it remanded the question so lower courts could address it in the first instance. *Id*. at 1783.

The appropriate remedy is determined by congressional intent. Congress manifestly would not want uniformity to be achieved by returning the fees paid in the 88 districts with United States Trustees. Rather, the constitutionally appropriate remedy is prospective relief only—the very relief provided by Congress when it was apprised of the lack of uniformity in the Bankruptcy Admin-istration Improvement Act of 2020, Pub. L. No. 116-325 (2021), § 3(d)(2), 134 Stat. 5088.  Even if some retrospective adjustment were required, Congress would clearly prefer to collect (when possible) additional fees in the six Bankruptcy Administrator districts, not to refund fees in the 88 districts with United States Trustees, which would defeat the central purpose of the 2017 amend-ment to 28 U.S.C. § 1930(a)(6). At a minimum, there need be no repayment for the first three quarters of calendar year 2018.

Because Congress would not choose as a remedy to effectively repeal the 2017 amend-ment, Plaintiff is not entitled to the any of the relief requested.

### SECOND DEFENSE

No monetary judgment entered against the United States may be paid until the Attorney General of the United States determines that no appeal shall be taken from the judgment or no

further review will be sought from a decision affirming the judgment. *See* 28 U.S.C. § 2414, 11 U.S.C. § 106(a)(4), Fed. R. Bank. P. 7062, Fed. R. Civ. P. 62(e), and 28 U.S.C. § 451.

## THIRD DEFENSE

Any award should be offset by any amounts owed to the United States by way of setoff.

## FOURTH DEFENSE

Any award should be offset by any amounts owed to the United States by way of recoupment.

## FIFTH DEFENSE

Plaintiff has failed to state a claim for unjust enrichment for the additional reason that the complaint has failed to allege all the required elements of an unjust enrichment claim under applicable state law.

## SIXTH DEFENSE

Plaintiff's claim for avoidance and recovery of unconstitutional overpayments under 11 U.S.C. §§ 549 and 550 is barred because Plaintiff failed to commence this action within the time required by 11 U.S.C. § 549(d).

## SEVENTH DEFENSE

Plaintiff fails to state a claim for avoidance and recovery of unconstitutional overpayments under 11 U.S.C. §§ 549 and 550 because the Bankruptcy Code and the bankruptcy court's order confirming the Debtor's plan authorized the payment of quarterly UST fees.

## EIGHTH DEFENSE

Plaintiff is not entitled to equitable relief because plaintiff has an adequate remedy at law.

## NINTH DEFENSE

The confirmed, effective plan precludes the requested relief because, inter alia, quarterly fees were indefeasibly allowed and paid pursuant to its terms.

15

**TENTH DEFENSE**

The unjust enrichment claim is barred by sovereign immunity as the complaint fails to

allege that any statute waives sovereign immunity as to this claim**.**

**RESERVATION OF RIGHTS**

Defendants reserve the right to raise any of the affirmative defenses set forth in Federal

Rule of Civil Procedure 8, should subsequent events disclose facts that support those defenses as

they become known. Defendant further reserves the right to prepare and plead any and all defenses

which may become applicable during the course of this litigation.

Subject to, and reserving all rights under, 28 U.S.C. § 2414 and Fed. R. Civ. P. 62(e), as

asserted in the second defense, Defendant consents to entry of final orders or judgments by this

Court under Fed. R. Bankr. P. 7012(b).

Dated:  March 10, 2023
        Wilmington, Delaware           Respectfully submitted,

                                          By: */s/ Timothy J. Fox*
                                        Timothy J. Fox, Jr.
                                        Trial Attorneys
                                        United States Department of Jus-
                                        tice Office of the United States
                                        Trustee
                                          J. Caleb Boggs Federal Building
                                        844 King Street, Suite 2207, Lockbox 35
                                        Wilmington, DE 19801
                                        (302) 573-6491 (Phone)
                                        (302) 573-6497 (Fax)
                                        timothy.fox@usdoj.gov

-and-

Robert J. Schneider, Jr.
Trial Attorney
United States Department of Justice Office of the
United States Trustee 1 Newark Center
1085 Raymond Boulevard, Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
robert.j.schneider@usdoj.gov

-and-


P. Matthew Sutko
Associate General Counsel
Executive Office for United States Trustees
441 G Street, NW, Suite 6150
Washington, D.C. 20530
(202) 307-1391 (Phone)
(202) 307-0672 (Fax)
p.matthew.sutko@usdoj.gov

*Counsel to Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy J. Fox, Jr., Esq., do hereby certify that on this 10th day of March 10, 2023, I served the attached *Defendants' Answer to Complaint for Declaratory Judgment and Recovery of Overpayments* on counsel via electronic mail and/or ECF Notification.

/s/ *Timothy J. Fox*

Timothy J. Fox, Jr., Esq.